**WO**                                                                                             MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Hearn, ) | No. CV 08-848-PHX-MHM (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Petitioner Nathaniel Hearn, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #2003-035096, of failing to register as a sex offender. He was sentenced to a 2.5-year term of imprisonment. In his Petition, Petitioner names Dora B. Schriro as Respondent and the Arizona Attorney General as an Additional Respondent.

---

[1] This is the third habeas corpus petition that Petitioner has filed this year. However, each petition relates to a different conviction. The Petition in this case relates to Petitioner's conviction in Maricopa County Superior Court case #2003-035096; Hearn v. Schriro, 08-CV-448-PHX-MHM (MEA), relates to his conviction in Maricopa County Superior Court case #CR-2004-006251-001-SE; and Hearn v. Schriro, 08-CV-252-PHX-MHM (MEA), relates to his conviction in Maricopa County Superior Court case #CR-0121944.

**TERMPSREF**

Petitioner raises one ground for relief. He alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment. Plaintiff claims he has presented this issue to the Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.   Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.   Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)   Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations,

1 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
2 those portions of the record relevant to those defenses need be attached to the answer.
3 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
4 defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative
5 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
6 Governing Section 2254 Cases.

7     (3) Petitioner may file a reply within 30 days from the date of service of the
8 answer.

9     (4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
10 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
11 recommendation.

12     DATED this 14th day of May, 2008.

_____
Mary H. Murgula
United States District Judge