**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **NATHANIEL HEARN,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV 08-00848 PHX MHM (MEA) |
| ) | |
| **DORA SCHRIRO and** ) | REPORT AND RECOMMENDATION |
| **ARIZONA ATTORNEY GENERAL,** ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**TO THE HONORABLE MARY H. MURGUIA:**

On or about April 22, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 12) on August 4, 2008. Respondents contend the Court lacks subject matter jurisdiction over the petition because at the time Petitioner filed this action he was no longer in custody pursuant to the conviction he challenges. Respondents also assert the action for habeas relief may be denied and dismissed because relief on this claim is procedurally barred and because the claim is without merit. Petitioner filed a reply to the answer on January 12, 2009. See Docket No. 18.

**I Procedural History**

In the instant habeas petition, Petitioner challenges his conviction in Maricopa County Superior Court docket number CR2003-035096.[1]

On June 19, 2003, in Maricopa County Superior Court docket number CR2003-035096, Petitioner was charged by an information with failing to register as a sex offender between March 31, 2003, and June 9, 2003. See Answer, Exh. W. At a preliminary hearing conducted July 1, 2003, Petitioner informed the trial court that he wished to represent himself and the trial court appointed a public defender to be Petitioner's advisory, or "standby" counsel. Id., Exh. Y.

Petitioner filed a motion to dismiss the charges stated in docket number CR2003-035096 on July 14, 2003. Id., Exh. Z at 97 & Exh. CC. Attached to his motion to dismiss the charge of failing to register as a sex offender were copies of sex offender registration forms Petitioner had filed pursuant to Arizona Revised Statutes § 13-3821; the earliest of the registration forms was dated January of 1987. Id., Exh. CC, Attach. The motion to dismiss was denied.

---

[1] Petitioner has two other section 2254 actions pending in the United States District Court for the District of Arizona. In Docket No. 08-252, filed February 7, 2008, Petitioner challenges his 1982 conviction and sentence on one count of sexual assault. A Report and Recommendation in that matter was filed June 16, 2008, in which the undersigned recommended that the petition be denied and dismissed with prejudice. Petitioner's reply to the answer to his petition in Docket No. 08-448, in which matter he challenges his convictions on charges of robbery and unlawful flight, is due February 10, 2009.

On December 18, 2003, in Maricopa County Superior Court docket number CR2003-035096, Petitioner pled guilty to one count of failure to register as a sex offender in exchange for the state's agreement to dismiss an allegation of prior felony convictions. Id., Exh. KK.

Petitioner's guilty plea in CR2003-035096 constituted a violation of probation imposed on Petitioner as a result of his conviction in two separate 2002 criminal cases, i.e., Maricopa County Superior Court docket numbers CR2002-004244 and CR2002-14683. Id., Exh. LL. On June 11, 2004, the trial court revoked Petitioner's probation in both of the 2002 cases and sentenced Petitioner to concurrent prison terms of 2.5 years dating from that date with credit for presentence incarceration of 487 days. Id., Exh. MM. The presentence incarceration credit was altered on May 8, 2007, to 660 days in CR2002-004244 and 461 days in CR2002-14683.

In the 2003 case Petitioner is challenging (CR2003-35096), also on June 11, 2004, the state trial court denied Petitioner's motion to withdraw from the plea agreement and sentenced Petitioner to the presumptive 2.5 year prison term, which was ordered to run consecutively to the sentences imposed in the 2002 cases. Id., Exh. NN. Petitioner was given credit for 171 days of presentence incarceration, which was amended to 343 days of presentence incarceration on May 8, 2007.

On March 22, 2005, in Maricopa County docket number CR2004-006251, Petitioner was sentenced to a twelve-year term of imprisonment and a concurrent six-year term of imprisonment,

-3-

1 after being convicted by a jury of robbery and unlawful flight
2 from a law enforcement vehicle.  Id., Exh. WW.  Both sentences
3 were ordered to run consecutively to the sentences imposed in
4 the 2002 cases and the 2003 case.  Id., Exh. WW.

5       Petitioner represented himself, with the assistance of
6 appointed advisory counsel, in his 2003 criminal proceedings
7 from the time of his preliminary hearing.  In his federal habeas
8 petition Petitioner asserts he was denied his right to the
9 effective assistance of counsel.

10       **II Analysis**

11       **A. Respondents contend Petitioner is not "in custody"**
12 **as that term is defined by the relevant federal statute**
13 **governing jurisdiction over habeas petitions.**

14       Respondents assert Petitioner's current confinement is
15 the result of his conviction in CR2004-006251 and not the
16 conviction challenged in this habeas action, i.e.,
17 CR2003-035096.  Accordingly, they argue, because Petitioner
18 finished serving the sentence imposed for the challenged
19 conviction, i.e., CR2003-035096, Petitioner is not "'in custody'
20 as necessary to fulfill the jurisdictional requirement for
21 federal habeas review."  Answer at 2.  Respondents allege
22 Petitioner's sentence for the challenged conviction "could not
23 have expired any later than November 20, 2006," more than
24 eighteen months before he filed the instant habeas petition in
25 April of 2008.  Id. at 16.  Therefore, Respondents argue, relief
26 is moot because Petitioner has completely served the sentence
27 resulting from the conviction he seeks to reverse.

28     -4-

The United States District Courts have the power to grant a writ of habeas corpus only to individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." If not actually incarcerated pursuant to the conviction he seeks to reverse, a habeas petitioner must establish that he is subject to conditions that "significantly restrain ... [his] liberty." Jones v. Cunningham, 371 U.S. 236, 243, 83 S. Ct. 373, 377 (1963); Virsnieks v. Smith, 521 F.3d 707, 717-19 (7th Cir. 2008). When a petitioner is not incarcerated pursuant to the challenged conviction, the collateral consequences of the conviction, i.e., consequences with negligible effects on the petitioner's physical liberty, are insufficient to satisfy the "in custody" requirement. See Maleng v. Cook, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 1925-26 (1989); Virsnieks, 521 F.3d at 717-19.

Petitioner contends that, because of his conviction in CR2003-035096, the challenged conviction before the Court, and his 1981 conviction for a sexual offense, the prison restricts his recreation, his visits, and

> many other programs because I refuse to take sex offender treatment... Even though I have received an absolute discharge from this sexual assault charge in 1991 and never recommitted another sex charge D.O.C. is still punishing me for this crime and trying to comply me to testify against myself and they share information with the county attorney.

Reply at 2.

Petitioner has not established that he is "in custody" pursuant to the conviction he seeks to challenge. Any

-5-

limitation on his current incarceration, resulting from a different conviction, which limitation arises from his prior conviction, is best described as a collateral consequence of the prior conviction. Cf. Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (holding that Washington sexual offender registration laws do not render registrant "in custody"); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (California); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon); Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002) (Ohio). Compare Zichko v. Idaho, 24 7 F.3d 1015, 1019-20 (9th Cir. 2001) ("[A] habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' to the failure to register charge.").

As argued by Respondents, Petitioner is no longer incarcerated for failing to comply with the registration statute; Petitioner is incarcerated for 2004 property crimes offenses. Accordingly, Petitioner is not suffering the collateral consequence of either his original sex offense or the resulting conviction for failing to register as a sex offender. Because Petitioner cannot show that he was "in custody" on his 2003 conviction for failing to register as a sex offender at the time he filed the instant Petition, the District Court lacks subject matter jurisdiction over the petition.

**B. Respondents assert the petition must be denied because Petitioner waived the right to assert an ineffective assistance of counsel claim by electing to represent himself in his criminal proceedings.**

The only claim for relief stated in the Petition is "ineffective assistance of counsel on his counsel while he was his attorney and the fact [Petitioner] had to choose between ineffective assistance of counsel or to represent himself." Reply at 2.

Respondents assert the claim is procedurally barred for Petitioner's failure to properly exhaust the claim in the state courts. Respondents maintain Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claim, and that Petitioner has similarly not established that a fundamental miscarriage of justice will occur absent a review of the merits of the claim. Respondents also contend Petitioner waived any Sixth Amendment ineffective assistance of counsel claim. Additionally, Respondents argue, the claim may be denied on the merits.

Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2008). The undersigned agrees with Respondents that Petitioner procedurally defaulted his habeas

-7-

1 claim in the state courts and that Petitioner has not shown cause nor prejudice with regard to this default.

The undersigned also agrees the claim may be denied on the merits. Petitioner waived any claim that he was denied his Sixth Amendment right to the effective assistance of counsel when he choose to represent himself in his criminal proceedings. Additionally, to the extent he asserts he was denied any right to the effective assistance of "standby" counsel, Petitioner has not asserted the deprivation of a right assured by the United States Constitution.

In <u>Faretta v. California</u>, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541 n.46 (1975) the Supreme Court held that a defendant who elected to represent himself could not then complain "that the quality of his own defense" deprived him of his Sixth Amendment right to the effective assistance of counsel. Additionally, the United States Supreme Court has never held that a state criminal defendant is constitutionally entitled to the effective assistance of "standby" or advisory counsel. See <u>Wilson v. Parker</u>, 515 F.3d 682, 697 (6th Cir. 2008).

The Sixth Circuit reasoned in <u>Wilson</u>:

> Since [the petitioner] waived his right to counsel, his claim of ineffective assistance of trial counsel necessarily fails. By exercising his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel. See <u>Faretta</u>, 422 U.S. at 834, 95 S. Ct. 2525. Logically, a defendant cannot waive his right to counsel and then complain about the quality of his own defense. <u>Id.</u> at 834 n.46, 95 S. Ct.

-8-

1 |     2525; Gall v. Parker, 231 F.3d 265, 320 (6th Cir. 2000).

Id., 515 F.3d at 696.

In a case in which the petitioner alleged he was not afforded effective assistance of counsel prior to the date the petitioner chose to represent himself, a claim similar to that asserted by Petitioner, the Ninth Circuit Court of Appeals noted: "[The petitioner] makes no free-standing claim ineffectiveness assistance of counsel, nor could he. Having failed to show that his decision to represent himself was involuntary, [the petitioner] cannot claim that he was denied the effective assistance of counsel at trial." Williams v. Stewart, 441 F.3d 1030, 1047 n.6 (9th Cir. 2006).

Although Petitioner contends his choice was to accept incompetent counsel or to represent himself, the Circuit Courts of Appeal have uniformly concluded that an indigent criminal defendant does not have the right to either counsel of his own choosing or "hybrid" representation. See, e.g., Wilson, 515 F.3d at 696.

> The Faretta right and the appointment of standby counsel inherently conflict which, taking into account that hybrid representation is not required,[] supports the conclusion that there is no right to standby counsel. Certainly there is no Supreme Court precedent clearly establishing such a right. [] When standby counsel is appointed, the.... Therefore, the inadequacy of standby counsel's performance, without the defendant's relinquishment of his Faretta right, cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment. [] [The petitioner] does not provide, nor could we find, a Supreme Court

     case holding standby counsel in a capital
case should be treated any differently.

Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir. 2006) (internal citations omitted). The Seventh Circuit, in addition to other Circuit Courts of Appeal, have reasoned that, in the context of criminal proceedings in which the defendant was pro per, any "deficiencies" in representation were products of the defendant's self-representation and do not constitute defective assistance of counsel. See, e.g., id., 458 F.3d at 598. See also McKaskle v. Wiggins, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 944 n.8 (1984) ("[A] defendant who exercises his right to appear pro se 'cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.'"). The Second Circuit Court of Appeals has held that, where counsel was relieved at the defendant's request prior to a plea agreement and thereafter served as "standby counsel," a habeas petitioner could not state a cognizable claim for denial of his Sixth Amendment right to counsel. See Tate v. Wood, 963 F.2d 20, 26 (1992).

   **C. Respondents contend Petitioner's claim fails on the merits because his 2003 advisory counsel's performance was not deficient for failing to raise the defense that the 1982 plea agreement did not require Petitioner to register as a sex offender.**

   As noted by Respondents, prior to the time appointed advisory counsel entered an appearance, Petitioner asserted a defense contradictory to the assertion that he could not be

-10-

convicted of failure to register as a sex offender because his plea agreement in the sex offense case did not require him to do so. Additionally, Petitioner has not established that any alleged deficiency was prejudicial because the argument he alleges he could not present was presented to, and rejected by, the state courts in Petitioner's state actions for post-conviction relief.

### III Conclusion

The Court may not exercise jurisdiction over the habeas petition because Petitioner is not "in custody" pursuant to the conviction he seeks to challenge. Additionally, Petitioner has completely finished serving the sentence arising from the conviction he seeks to challenge and, accordingly, the action is moot. Furthermore, notwithstanding Petitioner's procedural default of his habeas claim, the claim that Petitioner was denied his constitutional right to the effective assistance of counsel because his advisory counsel failed to facilitate Petitioner's assertion of a particular defense may be denied on the merits of the claim. Petitioner waived any Sixth Amendment claim regarding his right to the effective assistance of counsel by pleading guilty. Additionally, Petitioner has not established that his advisory counsel's alleged failure to raise the asserted defense was prejudicial to Petitioner's conviction.

**IT IS THEREFORE RECOMMENDED** that Mr. Hearn's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

-11-

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 26th day of January, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-12-